52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Theodore CLAY, Petitioner-Appellant,
v.
Jim DICKMAN, Respondent-Appellee.
 No. 94-6294.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 Before: MARTIN, RYAN and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Theodore Clay, a pro se Tennessee prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 19, 1992, following a jury trial, Clay was convicted of forgery. He was sentenced to twelve years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction on September 24, 1993. The Tennessee Supreme Court denied discretionary review on February 28, 1994.
 
 
 3
 In his habeas petition, Clay alleged: 1) the trial court erred by admitting into evidence items obtained from an illegal search; 2) the trial court erred in instructing the jury as to the responsibility of Clay for the conduct of others; and 3) the evidence presented at trial was insufficient to corroborate the testimony of the accomplice. The district court determined that Clay's claims were without merit and denied the petition in a memorandum and order entered September 16, 1994.
 
 
 4
 Upon review, we conclude that the district court properly denied Clay's petition for a writ of habeas corpus as Clay was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 5
 Clay's claim that the trial court erred by admitting into evidence items obtained from an illegal search is without merit. This claim alleges a violation of the Fourth Amendment. A state prisoner may not seek habeas relief on a claim of illegal search and seizure if he had a full and fair opportunity to raise the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes. Stone v. Powell, 428 U.S. 465, 494-95 (1976). While Clay argues that he did not have a full and fair opportunity to raise his claim in the state courts, it is clear that he is challenging the merits of the state court's decision and not the inadequacy of the state's corrective process. Therefore, the district court properly denied this claim.
 
 
 6
 Clay's claim that insufficient evidence existed to support his conviction is without merit. Evidence is insufficient under the Due Process Clause if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 The fact findings of the Tennessee Court of Criminal Appeals in Clay's direct appeal reveal that the evidence against Clay, in addition to the accomplice's testimony, included photographs of Clay purchasing a cashier's check, the testimony of the bank teller, the testimony of an employee at the Kroger store in Springfield where the accomplice presented the cashier's check, and the identification cards seized at the time of Clay's arrest. These findings are presumed correct and no convincing evidence to the contrary exists. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levine v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993). Based on these facts, a rational finder of fact could have concluded that Clay had committed forgery as defined by the statute.
 
 
 8
 Lastly, the district court properly found that Clay's jury instruction claim is grounded in Tennessee case law, which ground may not support federal habeas relief unless Clay can show that he has been denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). It is clear from the record that the proceedings which took place in the state courts were not fundamentally unfair.
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation